## Commonwealth of Pennsylvania *v.* Karlton E. Williams, Appellant.

Argued May 7, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene J. Brew, Jr.,* with him *Dale* and *Brew,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, May 29, 1975:

The appellant, Karlton E. Williams, was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor by police authorities of the City of Erie on November 19, 1972. His operating privileges were suspended by the Bureau of Traffic

Safety for a period of six months, effective February 20, 1973, by reason of his asserted refusal on the occasion of his arrest to submit to a breathalyzer test. The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* §624.1(a), 75 P.S. §624.1(a). Williams appealed the Bureau's action to the Court of Common Pleas of Erie County and on April 4, 1973, after hearing, a judge of that court sustained the appeal on the ground that Williams "may not have been aware that his operator's license could be suspended for failure to take the intoxication chemical test." On April 6, 1973, however, the judge revoked the April 4, 1973 order and dismissed Williams' appeal on the authority of *Commonwealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 300 A.2d 831 (1973). Williams' license, the suspension of which had been superseded pending his appeal, was thereupon resuspended by the Bureau, effective July 10, 1973. Williams then appealed the Bureau's action of resuspension to the Court of Common Pleas of Erie County, resulting in a renewed supersedeas, and on July 23, 1973 that court entered an order sustaining this appeal. The Commonwealth filed a timely appeal from the order of July 23, 1973 to No. 1128 C.D. 1973. The transcript of the hearing held April 2, 1973 was not certified to this court and it was represented to us that is was unavailable. The President Judge of this Court on application of the Commonwealth remanded the matter to the Court of Common Pleas of Erie County for the purpose of taking testimony and redeciding the case. On October 9, 1974 the lower court entered a fourth order by which Williams' second appeal was dismissed. Williams has appealed from the order of October 9, 1974 and the record certified to us on this occasion contains a transcript of the hearing conducted April 2, 1973.

Obviously, the court below had no power to entertain an appeal from the reinstated suspension entered after and in response to its order of April 6, 1973 dismissing Williams' first appeal. We will not quash the

instant appeal because the Commonwealth petitioned us to, and our President Judge did, remand the case for taking testimony and further consideration, and the lower court in compliance with that order did reconsider the matter and entered the order here appealed from.

In the course of these proceedings, the appellant asserted at various times three reasons why his license should not have been suspended pursuant to Section 624.1(a). The first was that he was not warned by the testing officers that his license might be suspended if he did not take the test. We held such warning not to be necessary in *Commonwealth v. Abraham, supra.* He further asserted that his license should not be suspended because he had been acquitted of the charge of drunken driving in criminal proceedings. This contention is without merit, since his suspension was not for driving while intoxicated but for refusing to take the test. *See Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). He finally asserted that the suspension was improper because he was not lawfully arrested. This contention was held to be without merit in *Glass v. Commonwealth,* —— Pa. ——, 333 A.2d 768 (1975).

Indeed, Williams now argues only that we should remand the matter again for findings of fact and conclusions of law which the court below neglected to make on any of the four occasions the matter was before it. In the light of all the circumstances, we decline to so order. To require the lower court to consider this matter for a fifth time would constitute a further mockery of the system under which the appellant, who was arrested, charged with driving under the influence of intoxicating drink and who refused to submit to a breathalyzer test, has avoided suspension for more than two years.

Order affirmed.