Orrin Everhart, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Ralph D. Friedman, Friedman and Friedman,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 18, 1980:

Orrin R. Everhart (petitioner) appeals here from an order of the Montgomery County Court of Common Pleas upholding suspension of his driving privileges by the Department of Transportation (DOT) under Section 1547(b)(1) of the Motor Vehicle Code (Vehicle Code), 75 Pa. C. S. §1547(b)(1). The suspension was based on his refusal to take a breathalyzer test

at the time of his arrest for operating a motor vehicle while under the influence of alcohol in violation of Section 3731(a)(1) of the Vehicle Code, 75 Pa. C. S. §3731(a)(1).

The petitioner testified that he was asked by the arresting officer during booking if he wanted to take the breathalyzer test, and that he responded, "Do I have to?" He said that the officer replied that, if he did not, he "could" lose his license.

The police officer testified that he had asked the petitioner while in the patrol vehicle if he would consent to a breathalyzer test and that the petitioner had refused. At the police station, he again asked the petitioner if he would take the test, and after unsuccessfully attempting to contact his attorney, the petitioner had again refused. While stating that he had told the petitioner that he "would possibly" or "could" lose his license, the officer also testified that he had read the implied consent law to the petitioner.

Under the implied consent law, Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, any person who operates a motor vehicle within the Commonwealth is deemed to have given consent to a chemical breath test to determine the alcoholic content of his blood if a police officer has reasonable grounds to believe that the person was driving while under the influence of alcohol.

Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2) provides that: "It shall be the duty of the police officer to inform the person that the person's operating privilege *will* be suspended or revoked upon refusal to submit to a chemical test." (Emphasis added.) The petitioner argues that by using the words "could" or "would possibly" rather than "will", the police officer failed to comply with the statutory requirement of Section 1547(b)(2), as

a result of which the petitioner was unable to make an informed decision in the matter.

The court below concluded that the police officer had substantially complied with the statute and that the petitioner had been sufficiently informed of the consequences of refusal. Noting that such a suspension will occur only upon notice by the arresting officer to the Secretary of Transportation and that it is the Secretary rather than the arresting officer who is empowered to effect the suspension, the court held that the police officer's use of the word "could" in warning the petitioner of the consequences of his refusal was not unreasonable.

At the time it rendered its decision, the court below did not have the benefit of our subsequent opinions in *Moran v. Commonwealth,* 44 Pa. Commonwealth Ct. 105, 403 A.2d 637 (1979) and *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979).

In *Moran, supra,* we found the statutory requirement of Section 1547(b)(a) to have been met and the driver to have been properly informed when, although the driver was only advised that his license "could" be suspended, he requested and read a copy of Section 1547. While the petitioner here did not read that section, the arresting officer has testified that it was read to him. Whether the reading encompassed the section in whole or in part is unclear from the record.

In *Peppelman, supra,* we strictly construed the language of Section 1547(b)(2) in holding that the police officer's use of the word "could" instead of "will" in informing the driver of the consequences of refusal of a breathalyzer test constituted inadequate performance of the officer's statutorily mandated duty, necessitating setting aside suspension of the driver's operating privileges.

Under Section 624.1(a) of the former Vehicle Code, 75 P.S. §624.1(a)[1] the provisions of which are similar to the present Section 1547, driving privileges were suspendable for refusal to submit to a breathalyzer test upon factual determination that the driver was (1) placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a breathalyzer test; and (3) refused to do so. *Department of Transportation v. Quinlan*, 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979). Under that section the police officer was not required to give a warning that license suspension or revocation would result from refusal, but the new section now mandates such a warning. Thus, under the new statute as construed in *Peppelman, supra,* a precisely enunciated warning that a driver's license *will* be revoked is now an additional prerequisite to suspension or revocation of driving privileges for refusal to consent to a breathalyzer test.

We believe, therefore, that a factual determination of exactly what the arresting officer said and/or read to the petitioner is required. While the court below made reference in its opinion to the police officer's having read the informed consent law to the petitioner, the court did not make a finding of fact that Section 1547 had been read, in whole or in part. We will remand the case for a factual determination as to this point upon which a conclusion can then be made as to whether or not the police officer gave a proper warning to the petitioner that his license "will" be revoked for refusal to submit to a breathalyzer test.

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly,* 75 P.S. §624.1(a), repealed by the Act of June 17, 1976, P.L. 162.

## ORDER

AND NOW, this 22nd day of September, 1980, the order herein dated September 18, 1980 is amended to read, in its entirety, as follows: The above-captioned order of the Court of Common Pleas of Montgomery County (Civil Action No. 79-1299), dated March 7, 1979, upholding the Department of Transportation's suspension of the petitioner's operating privileges is reversed, and the record is remanded for further proceedings in accordance with this opinion.