Thomas P. Smolick, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 8, 1981, before Judges MENCER, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Nicholas Noel, III,* with him *George A. Hahalis,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Robert C. Bell,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., June 25, 1981:

Thomas P. Smolick (appellant) appeals from an Order of the Court of Common Pleas of Lehigh County which affirmed the suspension of appellant's oper-

ator's license ordered by the Director of the Bureau of Traffic Safety, Department of Transportation pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547.

Appellant was arrested by an Allentown police officer on November 25, 1979 for driving under the influence of alcohol in violation of Section 3731 of the Code, 75 Pa. C. S. §3731. He was asked to submit to a breathalyzer test. He consented initially but then refused to do so except upon the condition that the police department indicate in a written statement that appellant had done his drinking at home. When the officers refused to put the requested statement in writing, appellant refused to take the test.

Appellant's principal argument on appeal is that the words of the officers here involved merely conveyed the message that his license might be in jeopardy. As such, he argues, the words of the officers are violative of the specific provisions of Section 1547 of the Code, 75 Pa. C. S. §1547(b)(2) which provide: "It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test."

At this point we state from the arresting officer's testimony:

> I advised him that he had the right to refuse to take the test, but that if he refused the State could—would and could—could and would remove his license for six months on a refusal. . . .
>
> . . . .
>
> I took him to Sergeant Kerrigan who is qualified to give the breathalyzer test, and that's when he refused to take the test.

Officer Kerrigan testified that he advised appellant that he "stood to lose his license" for refusing to

take the test, and that he repeated this to appellant three or four times, but each time appellant refused.

Appellant relies on this Court's decision in *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979) for his contention that he was not sufficiently warned that a refusal to take the breathalyzer test would result in the suspension of his license.

In *Peppelman,* the motorist was informed that he *could* lose his license for refusal to take the test. We held there that the use of the word "could" instead of "will" in informing the motorist of the consequences of refusal was not adequate.

After reviewing the record in the instant case, however, we must agree with the lower court that we have here more than the ambiguous language in *Peppelman.*

We believe our decision in *Everhart v. Commonwealth of Pennsylvania,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980) controls the instant case. In that case, we defined the prerequisite to suspension or revocation of driving privileges for refusal to consent to a breathalyzer test: "a precisely enunciated warning that a driver's license *will* be revoked."

From the record before us, the arresting officer informed appellant in the interviewing room of the police station that he had a right to refuse to take the breathalyzer test, and if he refused to take it, the state "could and would" take his license for six months. He is later told by the officer in charge of operating the breathalyzer that "you stand to lose your license." As noted by the court below, the language used by the officers here, while less than ideal, clearly informed the appellant that refusal to take the breathalyzer test would result in a suspension of his license.

The words "could and would" referred to in the testimony of the arresting officer, when recalling what was told to the appellant, are simply the past tense of

the words "can and will," respectively. We believe these words meet the standards set in *Everhart*. Accordingly, we will affirm the order of the court below.

## Order

And Now, the 25th day of June, 1981, the Order of the Court of Common Pleas of Lehigh County, dated February 8, 1980 at No. 79-C-4051, is hereby affirmed.