## Commonwealth v. Landau

*Harold H. Cramer,* assistant counsel, for the Commonwealth of Pennsylvania.
*S. Stanton Miller,* for defendant.

REED, *J.,* February 24, 1983—This case came before the court on the petition of defendant, Janice O. Landau, to appeal from an order of the Department of Transportation suspending her driver's license. After a hearing, an order was entered sustaining defendant's appeal and overruling the suspension. The Department of Transportation has appealed to the Commonwealth Court, hence this opinion.

On July 24, 1982, defendant was involved in a one car accident in Nether Providence Township,

Delaware County. Defendant's vehicle had struck a mailbox and the railroad ties the owner had placed around it.

Officer Allen Sidlow of the Nether Providence Township police responded to a phone call concerning the accident. When the officer arrived at the scene, he found defendant and the owner of the property standing beside her vehicle. Defendant's coordination appeared to be off, her speech slurred and her eyes red and glazy. Defendant seemed confused and the officer placed her in the back seat of his vehicle.

Defendant then produced both her driver's license and registration cards. It was after this that Officer Sidlow asked defendant to submit to a sobriety or breathalyzer test. Defendant refused. Officer Sidlow then explained to defendant that if she refused to submit to this test, she was subject to a six month suspension of her driver's license. Again, defendant refused to submit to the test.

Officer Sidlow made no further requests and made arrangements to take defendant home. Defendant was never taken to either the Nether Providence Police Department or to the State Police Barracks for her testing.

As a result of this "refusal", the Pennsylvania Department of Transportation notified defendant on August 10, 1982 that her license was being suspended for six months pursuant to 75 P.S. §1547 of the Pennsylvania Motor Vehicle Code, for refusing to submit to the sobriety test.

The testimony shows only that the officer told defendant that if she refused to take the test, she would be subject to a six month suspension. This statement, when viewed in light of the fact that defendant testified that she never understood this statement to mean that there would be an automatic

suspension does not meet the test set forth in the act, 75 P.S. §1547(b)(2). The police officer must make a positive statement that refusal to take the test will result in a six (6) month suspension.

A statement that defendant would be subject to a suspension is not a positive statement. It does not constitute a proper warning. A police officer is under the duty to inform a person in defendant's position that refusal to submit to this test will result in suspension of the person's operator's license. See Peppelmen v. Commonwealth, 44 Pa. Commw. 262, 407 A.2d 1041 (1979). Furthermore, Officer Sidlow asked these questions within five minutes of the accident while defendant was in a confused state. Moreover, defendant was never offered any testing device; she was not taken to a police station where she could be tested.

For these reasons, the Commonwealth failed to meet its burden of establishing that defendant's refusal was a willful, knowing and intelligent act. Accordingly, we sustained defendant's appeal and overruled her suspension.