## Commonwealth v. Brazier

*Francis P. Bach,* for Commonwealth.
*Robert D. Beyer,* for defendant.

BUCKWALTER, *J.,* April 26, 1984—Before the court is an appeal from the suspension of defen-

dant's automobile operating privileges under Section 1547(b) of the Vehicle Code 75 Pa. C.S. §1547(b).

As set forth in Everhart v. Commonwealth, 54 Pa. Commw. 22, 420 A.2d 13 (1980), to sustain such a suspension the Commonwealth must establish that defendant (driver)

(1) was arrested for driving while under the influence of alcohol;

(2) was asked to submit to a breathalyzer (chemical test of the blood);

(3) refused to do so; and

(4) was specifically warned that a refusal would result in the revocation of his license.

In this case, we are concerned with only number (4). At the hearing held on this appeal, the arresting officer testified that he told defendant if he did not submit to the blood test, he " probably would or almost for sure could lose his license."

In light of the officer's testimony, the defendant argues that under Peppelman v. Commonwealth, 44 Pa. Commw. 262, 403 A.2d 1041 (1979), the warning was inadequate and therefore the suspension should be set aside.

In Peppelman, the officer told the defendant if he refused to take the test, he could lose his license. This was held to be inadequate in light of the statutory language stating that the person's operating privileges *will be* suspended.

The Commonwealth on the other hand cites Smolick v. Commonwealth, 60 Pa. Commw. 180, 430 A.d 1230 (1981), in support of the warning in this case.

In Smolick, the officer testified "I advised him that he had the right to refuse to take the test, but that if he refused the State could — would and

could —could and would remove his license for six months on a refusal. . . ."

This language was held to meet the Everhart test requiring "a precisely enunicated warning that a driver's license will be revoked". The court in Smolick said, "As noted by the court below, the language used by the officers here, while less than ideal, clearly informed the appellant that refusal to take the breathalyzer test would result in a suspension of his license."

The Commonwealth has also called the court's attention to Commonwealth v. Sinwell, 68 Pa. Commw. 650, 420 A.2d 235 (1982), but this case only stands for the proposition that an officer must only inform the defendant that his license will be suspended and not the length of time of the suspension as well. ·

Sinwell also reiterated the proposition that there is no constitutional requirement to provide any warning to a motorist of the consequences of his failure to submit to a breathalyzer test and that the duty to warn is entirely statutory (Citing Peppelman).

We find no inconsistency in the cases cited by opposite sides. We do find that the case law dealing with this statue imposes the duty on the officer to simply tell the defendant that he will lose his license and not that he probably will or almost for sure can lose his license.

Accordingly, the following is entered.

## ORDER

And now, this April 26, 1984, the appeal of Arthur J. Brazier is sustained; the suspension imposed upon him by the Department of Transportation on or about January 13, 1984 is rescinded and operating privileges are reinstated.