**Pa. Department of Transportation Bureau of Traffic Safety v. Pothier**

*J. Matthew Wolfe,* assistant attorney general, for the Department of Transportation.
*Stephen A. Durham,* for defendant.

LABRUM, *J.,* September 3, 1984—Defendant, Jeffrey Stephen Pothier, filed an appeal of a suspension of his driving privileges for violation of section 1547 of the Motor Vehicle Code, 75 P.S. §1547, for refusal to submit to a breathalyzer test. A hearing was held on April 2, 1984 and by order dated April 30, 1984, this court dismissed the appeal and reinstated the suspension. Defendant appealed to the Commonwealth Court, hence this opinion.

At the hearing on April 2, 1984, Officer Harold Snyder of the Ridley Park Police Department, testified that he responded to a call involving a motor vehicle accident at Swarthmore Avenue and Chester Pike in Ridley Park on December 30, 1983.

Upon arriving at the scene, the officer observed that one vehicle, later determined to be defendant's, had rear-ended another vehicle. Defendant Pothier was leaning against his vehicle, and the officer determined a strong smell of alcohol on defendant. The officer testified that defendant had to lean on his vehicle in order to keep his balance. When asked to produce his registration and driver's license, defendant was unable to find his wallet. Officer Snyder described defendant's demeanor and general appearance in detail at the hearing. The officer, a 10

year veteran of the force, arrested defendant for driving under the influence.

After defendant was taken to the police station, he was requested on several occasions to take a breathalyzer test and explicitly refused to take the test. Officer Snyder and Officer Maher each requested defendant to take the breath test and each explained to defendant the consequences of refusal to take the blood test. They specifically informed him that he would suffer a suspension of his driving privileges if he refused. Defendant again and again refused to take the test.

Defendant testified that he did not remember being told to take the test and he did not remember refusing to take it. He indicated that he suffered a head injury for which he was treated by a physician. However, no medical evidence was presented at the hearing to indicate that defendant was unable to take the breath test.

Where a motorist's intoxication renders him incapable of submitting to a breathalyzer test, that condition does not excuse the motorist's failure to comply with his statutory duty to submit to the test. Com., Dept. of Transp. v. Mumma, 79 Pa.Commw., 108 468 A.2d 891 (1983); Walthour v. Com., Dept. of Transp., 74 Pa. Commw. 53, 458 A.2d 1066 (1983). As previously indicated, there was no testimony presented in this case to indicate that defendant was unable to submit to a breath test. Even if the court were to determine that defendant was unable to take part in the test, such inability was brought about by his own voluntary intoxication.

Whether or not there has been a refusal by a motorist to submit to a breathalyzer test is a factual, not a legal, determination. In Re Budd, 65 Pa.Commw. 314, 442 A.2d.404 (1982); Smolick v. Com., Dept. of Transp., 60 Pa. Commw. 180, 430 A.2d 1230

(1981). From the testimony presented by the police officer on the scene and the police officer who questioned defendant and explained to him his rights and duties, this court made a factual determination that defendant had refused to submit to a breath test. Accordingly, the appeal was dismissed.