## Commonwealth, Department of Transportation v. Hartman

*Glenn Davis*, for the Commonwealth.
*James A. Snell*, for defendant.

WALTER, *J.*, October 1, 1984—The facts of this appeal from suspension of driver's license are not disputed. Defendant was arrested on June 2, 1983 for driving his car while under the influence of alcohol to an extent which rendered him incapable of safe driving. He was taken to the Lebanon City Police Station where the arresting officer requested that he take a breathalyzer test.

The officer, reading from an out-dated copy of the Vehicle Code, informed defendant that refusal to submit to the breathalyzer test would result in a six month suspension of his operating privileges. Defendant refused to take the test. He received a notice of suspension dated August 8, 1983 informing him that the Department of Transportation had suspended his license for one year.

Defendant appealed the suspension. A hearing was held April 16, 1984 and the matter came before the court again during the September 1984 argument court. With the benefit of briefs from both sides and defendant's oral argument, we are now ready to decide the novel issue raised on appeal: does the officer's misstatement of the mandatory

suspension period comply with the warning requirement of 75 Pa.C.S. §1547(b)(2)?

The warning requirement of Section 1547(b)(2) reads: "(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing". While there are no appellate cases directly on point, the evolving case law has developed several principles we can turn to for guidance.

First, "a precisely enunciated warning that a driver's license will be revoked is now an additional prerequisite to suspension or revocation of driving privileges for refusal to consent to a breathalyser test". Everhart v. Commonwealth, 54 Pa. Commw. 22, 26, 420 A.2d 13, 15 (1980). There must be a request to take the test plus a warning or the refusal cannot be said to have been knowingly made.

Second, the warning must be sufficient to inform the person his license will be suspended: Peppelman v. Commonwealth, 44 Pa. Commw. 262, 403 A.2d 1041 (1979) ("could" be revoked not proper warning); Everhart v. Commonwealth, 54 Pa. Commw. 22, 420 A.2d 13 (1980) ("could" and "would possibly" lose license insufficient warning); but see Smolick v. Commonwealth, 60 Pa. Commw. 180, 430 A.2d 1230 (1981) ("could and would — would and could lose" and "stood to lose" adequate language to inform defendant).

Third, while the officer must give warning that refusing the test will lead to suspension or revocation, the officer has no duty to specify the length of the suspension. Commonwealth v. Sinwell, 68 Pa.Commw. 605, 450 A.2d 235 (1982). In Sinwell, defendant was informed his license would be suspended or revoked upon his refusal, but the trial court sustained his appeal because the officer failed

to inform him of the exact length of the suspension. The Commonwealth Court reversed and held that Section 1547(b)(2) did not impose the duty on the officer to include the length of suspension in the warning.

The Commonwealth has directed our attention to a similar case decided in Schuylkill County, Commonwealth v. Zehner, No. 5-517-1983 (Feb. 23, 1984). Zehner was informed that she faced a six-month suspension for refusing a blood test; she appealed her year's suspension. The court decided that the erroneous warning met the requirements of Section 1547(b)(2) and the six month discrepancy was of no consequence. it relied on Sinwell, supra, for the proposition the length of the suspension was not a necessary part of the warning.

While we can accept the fact an officer has no obligation to inform a person of the length of the suspension, we cannot dismiss the misleading warning of a 6 months suspension as easily as our colleagues in Schuylkill County. It would emmasculate the warning provisions to permit false and misleading statements to satisfy Section 1547(b)(2). The point of the warning is to allow a person to weigh the consequences of his refusal to take the test.

The situation is not analogous to the speeding points example cited in the Commonwealth's Memorandum of Law. A person is given points after speeding. Whether or not the officer informs a driver of the correct number of points he has accumulated, the action is done and he will receive the statutorily required amount. Here, the warning concerns future behavior — whether or not to take the breathalyzer test — and the misinformation can have an impact on the decision.

"The Legislature clearly added the requirement of Section 1547(b)(2) to provide something to

which it believed the motorist was in fairness entitled — prior warning of the consequence of refusing the test". Peppelman, 44 Pa.Commw. 262, 265, 403 A.2d 1041, 1043 (1979). We feel it would be fundamentally unfair to hold that a misleading, incorrect warning complies with the statute. To warn a suspension (without specified length) will be the consequence of refusal is one thing — and proper. But to add an erroneous duration short of the mark is most unfortunate and misleading. The Peppelman court's decision applies to the instant case:

". . . The language of section 1547(b)(c) is clear and unambiguous and the duty it imposes on the police officer is not difficult to perform. For us to hold, as we are asked, that an inaccurate performance of this duty is to be overlooked if the motorist has not relied on the warning would simply invite a trial of the issue of reliance wherever the warning was defective. We refused to accept exculpatory issues at the behest of the motorists who failed to do what the statute required; and we believe we should not do so at the behest of erring public authority." Id. at 265-66, 403 A.2d at 1043.

Compliance with the statute is rather simple, but when the officer elects to go beyond the simple warning and impart mistaken information, we feel the warning becomes defective. Defendant had every reason to believe the information coming from an authority figure was accurate. To now impose a suspension twice as long as expected by defendant would be contrary to our view of fairness and justice.

However, it is not disputed that defendant was in fact driving under the influence and was warned that refusal to take the test would result in a six month loss of operating privileges. We therefore up-

hold the suspension, but only for six months, in accord with defendant's expectations.

### ORDER OF COURT

And now, this October 1, 1984 defendant's appeal from suspension of operating privileges is sustained in part for the reasons set forth in the accompanying opinion. The suspension of defendant's driver's license is hereby modified to run for six months instead of one year, effective from the date fixed by the Department of Transportation upon due and proper notice given defendant.