**Commonwealth v. Tallyen**

*Marilyn K. Josephs, assistant counsel, Department of Transportation,* for the Commonwealth.
*Richard T. Williams, Sr.,* for defendant.

COFFROTH, *P.J.,* May 30, 1985—This is an appeal from suspension of appellant's driver's license for refusal to take a breath test for blood-alcohol content (BAC). The refusal is conceded, and the officer testified that he first informed appellant that refusal would result in a one year's suspension of license. Appellant testified that the officer informed him he could be entitled to admission to the ARD (first offender) program which would result in only a one month's suspension instead of one year, whereupon appellant said he would take the one-month suspension and refused the test. On further examination of the officer, he conceded he had discussed the one-month suspension with appellant and that appellant may have been confused and have said in refusing the test that he would take the

one-month suspension. We are satisfied that appellant was confused by interjection of the one-month suspension, as an alternative to a 12-month suspension, without having it made clear that the former is available only if there is no refusal of testing, and we reject the contention of Commonwealth counsel that the confusion was attributable to voluntary ingestion of alcoholic beverage. A one-month suspension is often a condition of ARD, but that contemplates nonrefusal of testing. Although the officer acted in good faith, it was a mistake to interject ARD and its possible one-month suspension into his conversation with appellant in connection with the statutory warning.

Vehicle Code §1547(b)(2) mandates simply that:

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to a chemical test."

This case thus raises the larger question of the effect to be given to incorrect or misleading police assertions to a suspect concerning law or procedure in his case; such instances can be placed in two classes: (1) those in which the assertion is purely gratuitous and is not related to any issue of whether or not the officer has properly complied with a mandatory duty to warn or inform, and (2) those in which the assertion of the officer does bear upon whether he has properly complied with such a mandatory duty. For cases of the former class see Commonwealth v. Kozuch, 42 Somerset L. J. 69 (1982); Commonwealth v. Patton, 38 Somerset L. J. 339 (1979); Commonwealth v. Dale, 26 Somerset L. J. 375 (1971). The instant case is of the second class because the issue here is whether the officer's assertions concerning a one-month suspension so conflict with and vitiate his performance of the

mandatory duty to inform of suspension under Code §1547(b)(2), supra, by reason of the requirement of the 12-month suspension under subsection (b)(1) for refusal.

What is involved here is governmental fairness to the motorist. We can begin with the proposition that failing to inform the motorist of the consequence of suspension for refusal of testing is not so fundamentally unfair as to make testing without such a warning unconstitutional. Commonwealth v. Sinwell, 68 Pa. Commw. 605, 608, 450 A.2d 235 (1982); compare Commonwealth v. Giehll, 42 Somerset L. J. 271, 32 D.&C.3d 382 (1983). Nevertheless, the legislature regards imposition of the suspension for refusal of testing, without first informing the motorist of mandatory suspension for refusal, as so unfair as to mandate the warning. As stated by Judge Rogers in Peppelman v. Commonwealth, 44 Pa. Commw. 262, 265, 403 A.2d 1041 (1979):

"The Legislature clearly added the requirement of §1547 (b)(2) to provide something to which it believed the motorist was *in fairness* entitled — prior warning of the consequence of refusing the test." (Emphasis added.) We must, therefore, construe §1547 (b)(2) consistent with that objective of fairness, and hold that a proper warning is an essential precondition of the power of suspension for refusal of testing, and that whenever the officer fails to give the essentials of the warning, or adds thereto false or misleading assertions which are inconsistent with the warning and which reasonably lead the motorist to misunderstand the consequence of refusal, the officer has failed to perform his duty of fairness and a subsequent suspension for refusal of testing cannot stand. The decisions (with one exception hereinafter mentioned) have uniformly so held.

Thus, in light of the statutory language that the license "will be suspended" for refusal of testing, that is, that suspension for refusal is a certainty, a warning that suspension is but a possibility (can or could result from refusal) does not comply with the statute and will not support suspension for refusal. Everhart v. Commonwealth, 54 Pa. Commw. 22, 420 A.2d 13 (1980); Peppelman v. Commonwealth, supra. Consistent therewith, a warning that the motorist "could and would" lose his license for refusal complies with the statute. Smolick v. Commonwealth, 60 Pa. Commw. 180, 430 A.2d 1230 (1981). Similarly, in Sickman v. Commonwealth, 79 Pa. Commw. 173, 468 A.2d 909 (1983), the court held that informing the motorist that suspension would result from refusal of testing and from refusal to complete a particular questionnaire, the refusal was held justified because the information given did not comply with the statute's mandate to inform that suspension would result alone from refusal of testing. In Commonwealth v. Ferguson, 31 D.&C.3d 476 (1984), and Commonwealth v. Kennedy, 27 D.&C.3d 449 (1983), the suspensions for refusal of testing were stricken down for misleading assertions by the officer concerning the duty to submit thereto, which were inconsistent with subsection (b)(2).

As respects warning of the period during which suspension will be imposed, as is involved here, subsection (b)(2) does not specify that the period be stated, notwithstanding that subsection (b)(1) prescribes a mandatory 12-month suspension period; hence a warning which omits stating the period of suspension complies with the statute. Commonwealth v. Sinwell, supra. Accordingly, in keeping with our theorem in this opinion, a warning which

substantially understates the period of suspension to be imposed would materially conflict with the language of subsection (b)(2) and cannot support a 12-month suspension. The same is true of the instant case in which the officer's gratuitous and misleading additions to the statutory warning, apparently offering the motorist a choice between a suspension of one or 12 months without making entirely clear that the one-month period was a possibility only if the test were taken, is an unfairness which cannot or should not support a 12-month suspension for refusal.

To save this suspension, Commonwealth counsel cites the one case which is the exception to the holdings of the foregoing authorities, and in principle does not fit with our theory of statutory noncompliance; that case is Commonwealth v. Frey, an unreported opinion of a panel of the Commonwealth Court (no. 2568 C.D. 1983), copy attached to the filed Memorandum of Commonwealth counsel. There, the officer gave the correct statutory warning but incorrectly added that the license would be suspended for six months, instead of one year; and the court nevertheless upheld the suspension for refusal of testing. The opinion states that Sinwell, supra, "is controlling in holding that the statute contains no requirement to warn 'of the exact length of his suspension if he fails to submit to a breathalyzer test.' " We reject Frey for several good reasons:

(1) It is grounded upon a logical nonsequitur. It does not follow from the fact that the warning need not state the period of suspension, that it may validly state a false and misleading period of suspension.

(2) It is unfair to the motorist. Only the most cynical among us can justify government's mandat-

ing a warning of consequences in the interest of fairness, then allowing a materially false warning inconsistent with the mandate.

(3) It betrays a bias for government and against the citizen. As stated in Peppelman, supra, 266:

"We refused to accept exculpatory issues at the behest of the motorists who failed to do what the statute required; and we believe we should not do so at the behest of erring public authority."

(4) The opinion is unpublished, and is not therefore entitled to stare decisis treatment. The decision on its merits should not be published, and the Commonwealth Court wisely withheld it from exposure to the light of day.[1]

(5) If, however, for some reason we are required to distinguish Frey from the instant case, that is easily done. There is no indication in Frey that a suspension of six months as opposed to one of 12 months in fact induced the refusal, whereas in the instant case the officer's vague injection of the one-

---

1. We are informed by the Deputy Prothonotary of the Commonwealth Court that unpublished opinions of the court may not be cited in that court. Compare 328 Pa. Super. 541, stating in relevant part that: "These memorandum opinions are not to be considered as precedent and cannot be cited for any purpose." See also §414 of Commonwealth Court "Internal Operating Procedures," issued April 15, 1985, which provides as follows:

"§414 Reporting of Opinions; Certain Decisions not to be cited — Unreported opinions of the court shall not be cited in any brief, argument or opinion, except that any opinion filed in the same case may be cited as representing the law of the case. A one-judge opinion, even if reported, shall be cited only for its persuasive value, not as a binding precedent. This rule shall be effective retroactively, so as to apply to opinions filed before the effective date of this section, as well as to opinions filed in the future."

month suspension possibility was clearly the decisive factor in appellant's refusal of testing.[2]

## ORDER

Now, this May 30, 1985, the appeal is sustained and the suspension order of the secretary is reversed with direction to restore appellant's operating privilege forthwith. Costs on appellant.

---

2. For the reasons previously given for rejecting Frey, we should not be forced to make the distinction stated in paragraph (5), supra. This point is expressly addressed in Peppelman, supra, 265-6, where it is cogently stated:
"The language of §1547(b)(2) is clear and unambiguous and the duty it imposes on the police officer is not difficult to perform. For us to hold, as we are asked, that an inaccurate performance of this duty is to be overlooked if the motorist has not relied on the warning would simply invite a trial of the issue of reliance whenever the warning was defective."