533 A.2d 842

Rodger Shelton, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*P. Andrew Diamond,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Morey Myers,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, November 25, 1987:

In this appeal from an affirmance, by Judge DOYLE of the Allegheny County Court of Common Pleas, of the suspension of driver Rodger Shelton's vehicle operating privilege under 75 Pa. C. S. §1547(b), the driver does not dispute that the department met its burden of proving that he

(1)   was placed under arrest for driving under the influence of alcohol;

(2)   was requested to submit to a chemical test;

(3)   was warned of the consequences of a refusal; and

(4)   refused to comply with the request.
*Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980).

The driver's sole contention upon appeal is that the administrative notice of such refusal, sent by the police officer to the department in accordance with 75 Pa. C. S. §1547(b)(1), was not notarized and sealed.

The driver's brief offers no authority for the proposition that a notarized notice is essential to the validity of the suspension, other than reference to departmental regulations in 67 Pa. Code §§81.1-81.4; however, those

regulations deal only with reports from *courts* under official seal, *not* with the police "notice" mentioned in 75 Pa. C. S. §1547(b)(1).

Moreover, even with recognition of the fact that the department has provided a place for notarization on its police notice form, and with an assumption that the notice in this case was not notarized, the factors which the department must prove—and, in this case, did prove—remain as enumerated above. No statute, or regulation, or court decision has added any fifth requirement pertaining to a notarized notice.

Although the department apparently prefers notarized forms, as a general rule, to help provide assurance of the authenticity of the notices, there is no reason why the department cannot waive the formality when there is no need to seek such assurance.

The key point is that this record contains proof, based on firsthand testimony of the police officers involved, as to the verity of all matters embodied in the notice.

The driver's contention, although not well founded, is novel in that no previous decision on such a claim has been published. For that reason alone, the department's request that this court impose the cost of its attorney's fees upon the appellant will be denied.

The sound decision of Judge DOYLE will be affirmed.

## ORDER

NOW, November 25, 1987, the order of the Court of Common Pleas of Allegheny County, dated December 12, 1985, at No. SA 732 of 1985, is affirmed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE BARRY:

I dissent to that portion of the majority opinion which declines to assess attorney's fees against the ap-

pellant in this case. In my opinion the appellant's contention is not only not well founded but entirely frivolous. I would therefore remand for the imposition of attorney's fees.