## Commonwealth v. Carter

*Frank M. O'Neill, deputy attorney general,* for the commonwealth.

*M. John Haley,* for defendant.

TOOLE, *J.,* January 27, 1989—This matter comes before the court on appeal of Jerry J. Carter from the Department of Transportation's suspension of his motor vehicle operator's license for an alleged refusal to submit to a blood test.

On October 14, 1988, Officer Eric Morgantini, of the Forty Fort Police Department, was dispatched to an accident scene at 1219 Murray Street, Forty Fort Borough, Luzerne County, Pennsylvania. As he approached, he observed a vehicle that had apparently driven into the property and he observed spectators pulling defendant operator from the vehicle. When the officer tried to talk to defendant, he appeared to be in a "dazed" condition, and he was ultimately transported to the Nesbitt Memorial Hospital. About 45 minutes later, the officer went to the hospital and, after seeing and talking to defendant, arrested him for driving under the influence.

At the de novo hearing before this court, the officer testified that in advising defendant of the implied consent rights, he informed him that he "could" lose his license for one year. A few moments later the officer said that he told defendant he "would" lose his license for one year. On cross-examination the officer again testified that he told defendant he "could" lose his license.

In a case as this the commonwealth has the burden of proving: (1) the driver was arrested for operating under the influence of alcohol; (2) the police officer had reasonable grounds to believe that the driver was under the influence of alcohol or a controlled substance, or the driver was involved in an accident where someone received medical treat-

ment as a result of the accident or was killed; (3) the driver was asked to submit to a chemical test; (4) the driver refused the test; and (5) the police officer informed the driver that his operating privilege would be suspended upon refusal to submit to a chemical test.

In this case there is no question that the commonwealth has established with the required clarity each of the first four elements. There is a question, however, whether the commonwealth has established that defendant was properly advised of the consequences of a refusal to submit to the requested blood test. See *Gresh v. Commonwealth, Department of Transportation,* 76 Pa. Commw. 483, 464 A.2d 619 (1983).

The department has cited for our consideration *Smolick v. Commonwealth,* 60 Pa. Commw. 180, 430 A.2d 1230 (1981) as controlling. In that case the officer testified:

"I advised him that he had the right to refuse to take the test, but that if he refused the state could—would and could—could and would remove his license for six months on a refusal . . ." *Smolick* at 181, 430 A.2d at 1230.

That court held that the words "could and would" were as used synonymous with "can and will" and satisfied the standard of *Everhart v. Commonwealth of Pennsylvania,* 54 Pa. Commw. 22, 420 A.2d 13 (1980). In *Everhart,* the court defined the prerequisite to suspension or revocation of driving privileges for refusal to consent to a breathalyzer test: "A precisely enunciated warning that a driver's license will be revoked."

We believe the facts in the instant case are clearly distinguishable from the advice given by the officer in *Smolick, supra.* In *Smolick,* the words "could and would" were used simultaneously and there is no

question which words were used. In the instant case, the officer said on two occasions that he used the word "could" while on another occasion he indicated that he used the word "would." We are, on the present record, unable to say with any clarity just what advice was given and we believe under those circumstances the department's evidence does not meet or satisfy the required standard of proof.

We believe the law requires that the operator be clearly advised that a refusal *will* result in a suspension of the operating privileges. As the court noted in *Peppelman v. Commonwealth,* 44 Pa. Commw. 262, 403 A.2d 1041 (1979), instructions using the word "could" instead of "will" in informing the motorist of the consequences of refusal were not adequate. See also *Commonwealth v. Fiss,* 54 Bucks L. Rep. 231 (1988), where the court indicated that use of the word "could" rather than "would" is inadequate to convey the standard of certainty mandated by section 1547(b)(2) of the Vehicle Code and the appellate cases considering the issue.

In summary we believe and find from the evidence presented that the commonwealth failed to establish all of the prerequisites required to uphold the suspension. More particularly, it failed to establish with the required clarity compliance with section 1547(b)(2) which provides:

"It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test."

Accordingly, we enter the following

## ORDER

It is hereby ordered and directed that the suspension imposed in the above matter is reversed and set aside.