# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Ermold, :  
                  Appellant :  
  :  
         v. :  
  :  
Commonwealth of Pennsylvania, :  
Department of Transportation, : No. 134 C.D. 2014
Bureau of Driver Licensing : Submitted: August 1, 2014


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: August 25, 2014


Jeffrey Ermold (Licensee) appeals from the Montgomery County Common Pleas Court's (trial court) December 20, 2013 order[1] denying his appeal and reinstating his driver's license suspension. The sole issue before the Court is whether Licensee's implied consent refusal was valid. After review, we affirm.

On July 12, 2012, at approximately 5:00 a.m., Lower Pottsgrove Township (Lower Pottsgrove) Police Officer Ryan Smith (Officer Smith) was dispatched to the area of Bleim Road and Romig Road in Lower Pottsgrove based upon a report of a motorcycle accident. While Officer Smith was on his way to the scene, the dispatcher reported that the driver left the scene and was heading west on Bleim Road towards North Charlotte Street. A witness to the crash informed police that the motorcycle driver was a white male wearing a red shirt. Officers were unable

---

[1] The trial judge signed the order on December 20, 2013, however, the order/judgment was not docketed and sent to the parties until December 23, 2013. *See* Pa.R.C.P. No. 236.

to immediately locate the driver. However, responding fire personnel notified police of an individual they observed on a motorcycle behind a nearby roller skating rink (rink). Officer Smith went to the rink.

Upon arrival, Officer Smith observed Licensee, a white male wearing a red tee shirt, sitting on a motorcycle. Licensee had cuts and scrapes on his upper body, and one side of the motorcycle was scratched up and its mirror was broken. Officer Smith asked Licensee to dismount the motorcycle and sit on nearby steps leading to the rink, which Licensee did. At that time, Officer Smith summoned an ambulance to respond to the scene. Officer Smith requested Licensee's driver's license, which Licensee provided, but only after thumbing through cards in his wallet and passing over his license several times. Officer Smith detected a strong odor of alcohol coming from Licensee's breath. He also noticed that Licensee's eyes were bloodshot and glassy and that his balance was very poor. Licensee's responses to Officer Smith's questions were delayed and his speech was slurred. When the ambulance arrived, Licensee claimed numerous times that he was uninjured and refused treatment from the ambulance personnel.

Thereafter, Officer Smith asked Licensee to submit to field sobriety tests, to which Licensee consented. Licensee denied that he had any injuries or medical conditions that would prevent him from performing the tests. Licensee failed to properly perform the one-leg stand test, and complained of chest and rib pains. When Officer Smith asked if he wanted to continue the test, Licensee did not answer. Licensee did, however, submit to a preliminary breath test, which showed a presence of alcohol above the legal limit. At that time, Officer Smith determined that Licensee had been operating a motor vehicle while under the influence of alcohol and placed Licensee under arrest. Officer Smith patted Licensee down and rode with him in the ambulance to Pottstown Memorial Medical Center.

2

At the hospital, Officer Smith read Licensee a Form DL-26,[2] Chemical Testing and Refusal Report (Warning) verbatim. Licensee indicated that he understood the Warning and requested to read Form DL-26 himself, which he did. When Licensee finished reading it, he said that he did not want anybody sticking needles in his arm. Officer Smith again explained to him the consequences of refusing the test, but Licensee restated that he did not want to comply. Licensee did not sign the Form DL-26 or submit to a chemical test.

On November 16, 2012, the Pennsylvania Department of Transportation (DOT) notified Licensee that his driver's license was going to be suspended for 18 months, effective December 21, 2012, pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. On December 17, 2012, Licensee appealed from the suspension to the trial court. A hearing was held and, on December 20, 2013, the trial court denied Licensee's appeal and reinstated his suspension. Licensee appealed to this Court.[3]

Licensee argues that his implied consent refusal was not valid because the Warnings he received did not specify whether the chemical test to be administered was blood, breath or urine. We disagree.

> In order to sustain the appeal of a license suspension under Section 1547 of the [Vehicle Code]:
>
> > [DOT] bears the burden of proving that the driver (1) was placed under arrest for driving while under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was

---

[2] "The DL–26 Form contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

[3] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

specifically warned that a refusal would result in the revocation of his or her driver's license.

> *Thoman* [v. *Dep't of Transp., Bureau of Driver Licensing,*] 965 A.2d [385,] 388 [(Pa. Cmwlth. 2009)]. 'To satisfy the 'specific warning' requirement, 'a precisely enunciated warning that a driver's license **will be** revoked' must be given.' *Id.* (quoting *Everhart v. Commonwealth of Pennsylvania,* . . . 420 A.2d 13, 15 ([Pa. Cmwlth.] 1980) (emphasis added in *Thoman*[])). Once [DOT] satisfies its initial burden of proof, the burden then shifts to the licensee to show that he was physically unable to take the test or that the refusal was not knowing or conscious. *Thoman,* 965 A.2d at 388. However, if the warnings given to the licensee are not specific, it is irrelevant if the licensee's refusal was knowing or conscious.

*Sitoski v. Dep't of Transp., Bureau of Driver Licensing*, 11 A.3d 12, 18 (Pa. Cmwlth. 2010) (footnote omitted). Here, Licensee maintains that Officer Smith did not fill in the blank on Form DL-26 specifying what type of test was being requested, i.e., blood, breath or urine. However, Officer Smith testified that he specified "blood" test when he read the Warning to Licensee. Notes of Testimony, December 16, 2013 (N.T.) at 45, 66. In addition, Officer Smith reported that after Licensee read the Warning, he responded that "he did not want anyone sticking needles in his arm." N.T. at 17-18; *see also* N.T. at 46, 63.

"Determinations as to the credibility of witnesses and the weight assigned to the evidence are solely within the province of the trial court as fact-finder. As fact-finder, the trial court may accept or reject the testimony of any witness in whole or in part." *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 (Pa. Cmwlth. 2008) (citation omitted). In the instant case, the trial court expressly found Officer Smith's testimony "to be credible, and no testimony to the contrary was presented." Trial Ct. Op. at 6. Accordingly, because record evidence supports that Licensee was advised which test was being requested, the trial court properly held that his refusal was valid.

4

For all of the above-stated reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Jeffrey Ermold,                               :
                         Appellant           :
                                              :
         v.                                   :
                                              :
Commonwealth of Pennsylvania,                 :
Department of Transportation,                 :    No. 134 C.D. 2014
Bureau of Driver Licensing                    :


## O R D E R

AND NOW, this 25th day of August, 2014, the Montgomery County Common Pleas Court's December 20, 2013 order is affirmed.


_____
ANNE E. COVEY, Judge