IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julie Negovan,                         :
                 Appellant             :
                                       :
         v.                            :
                                       :
Commonwealth of Pennsylvania,          :
Department of Transportation,          :   No. 200 C.D. 2017
Bureau of Driver Licensing             :   Submitted: August 18, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE COVEY                              FILED:  October 24, 2017


         Julie Negovan (Licensee) appeals from the Bucks County Common Pleas
Court's (trial court) January 19, 2017 order dismissing her appeal and reinstating the
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver
Licensing's (Department) operating privilege suspension.  The sole issue before this
Court is whether the trial court erred or abused its discretion in dismissing the appeal
in light of the police officer's redaction of the enhanced criminal penalties portion of
the implied consent warnings.  After review, we affirm.

         On June 29, 2016, at approximately 11:10 p.m., Upper Southampton
Township Police Officer Francis Fazzio (Officer Fazzio) was operating an unmarked
patrol vehicle when he observed Licensee, who was driving a black Chevy Camaro,
stopped at a red light in the left lane of Street Road at the intersection of Second Street
Pike in Upper Southampton Township, Bucks County.  Officer Fazzio followed
Licensee, estimated that her car reached speeds in excess of 60 miles per hour (MPH)
in a posted 45 MPH zone, and witnessed her vehicle swerve into the center turn lane
three times while she travelled westbound at that location.  After effectuating a traffic

stop, Officer Fazzio noticed that Licensee had glassy, bloodshot eyes, and that there was a strong smell of alcohol coming from Licensee's vehicle. Licensee informed Officer Fazzio that she was coming from the Philadelphia Union League, and she had consumed a couple glasses of wine. Officer Fazzio then asked Licensee to perform three field sobriety tests, including the horizontal gaze nystagmus test, the walk and turn (or nine-step heel to toe) test, and the one-leg stand test. Licensee did not touch her heel to her toe and exhibited difficulty maintaining her balance during the tests. As a result, Officer Fazzio placed Licensee under arrest for driving under the influence of alcohol (DUI).[1]

Officer Fazzio transported Licensee to St. Mary Medical Center, placed her in a room designated for blood draws, and read her the implied consent warnings (Form DL-26).[2] Officer Fazzio also handed Licensee the Form DL-26 to read. Those portions of the implied consent warnings which related to the enhanced criminal penalties for not submitting to a blood test were redacted from the Form DL-26 as a result of the United States Supreme Court's ruling in *Birchfield v. North Dakota,* ___ U.S.___, 136 S.Ct. 2160 (2016), which was decided six days before Licensee's arrest.[3] Licensee refused to submit to the blood test and declined to sign the form.

On July 14, 2016, the Department notified Licensee that her driver's license would be suspended for 12 months, effective August 18, 2016, pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, due to her refusal to submit to chemical testing. On August 12, 2016, Licensee appealed from the suspension to the

---

[1] *See* Section 3802(a)(1) of the Vehicle Code, which provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(a)(1).

[2] "The DL-26 Form contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

[3] This case and the Court's ruling will be discussed more fully below.

2

trial court. A hearing was held and, on January 19, 2017, the trial court denied Licensee's appeal and upheld her suspension. Licensee appealed to this Court.[4] On February 8, 2017, the trial court ordered Licensee to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). Licensee filed her Rule 1925(b) Statement with the trial court on March 29, 2017.

Licensee argues that the trial court erred in dismissing her appeal because Section 1547(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(2), specifically requires notification of the DUI enhanced criminal penalties before imposition of a civil license suspension for chemical test refusal. Licensee contends that she may have submitted to the blood test on June 29, 2016, if she had known that her refusal to do so would lead to the maximum DUI penalty.

At the outset, Licensee received a 2-month license suspension as part of her voluntary participation in the DUI accelerated rehabilitative disposition (ARD)[5] program. Licensee believes that the Department was not authorized to issue her a 12-month civil license suspension because Officer Fazzio admittedly did not read her the

---

[4] On March 20, 2017, this Court dismissed the instant case for Licensee's failure to comply with the Court's February 23, 2017 defect correction notice. On April 26, 2017, this Court vacated its March 20, 2017 order, and reinstated Licensee's appeal because it recognized that Licensee had taken steps to comply with the defect correction notice by searching for the court reporter and thereafter requesting the transcript.

"Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

[5] At the hearing before the trial court, Licensee testified that her license was "suspended for 60 days under the ARD program." Notes of Testimony, January 19, 2017 at 16. *See* Section 1552 of the Vehicle Code, 75 Pa.C.S. § 1552 ("The court of common pleas in each judicial district and the Municipal Court of Philadelphia shall establish and implement a program for [ARD] for persons charged with a violation of [S]ection 3802 [of the Vehicle Code] (relating to driving under influence of alcohol or controlled substance . . . .").

enhanced DUI criminal penalties portion of the implied consent warnings. Apparently, Licensee believes her 2-month license suspension was a "penalt[y] provided in [S]ection 3804(c) [of the Vehicle Code] (relating to penalties)[,]" 75 Pa.C.S. §1547(b)(2), which Officer Fazzio was required to warn her thereof pursuant to Section 1547(b)(2) of the Vehicle Code. *See* Licensee Br. at 3, 5. However, Licensee did not receive an enhanced penalty. The enhanced penalties to which Licensee refers are contained in Section 3804(c) of the Vehicle Code. That section specifically enumerates the criminal penalties for a licensee's DUI and refusal to submit to chemical testing, and **license suspension is not a listed penalty**.[6] Licensee's 2-month suspension was required pursuant to Section 3807(d) of the Vehicle Code, which mandates: "As a condition of participation in an [ARD] program, the court shall order the [licensee's] license suspended . . . [f]or 60 days if . . . the [licensee's] blood alcohol concentration is not known[.]" 75 Pa.C.S. §3807(d). Moreover, Licensee was free to withdraw from the ARD program upon learning of said suspension. *See Poborski v. Dep't of Transp., Bureau of Driver Licensing,* 964 A.2d 66 (Pa. Cmwlth. 2009).

---

[6] Section 3804(c) of the Vehicle Code provides, in relevant part:

> Incapacity; highest blood alcohol; controlled substances.--An individual who violates section 3802(a)(1) **and** refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
> (1) For a first offense, to:
> (i) undergo imprisonment of not less than 72 consecutive hours;
> (ii) pay a fine of not less than $1,000 nor more than $5,000;
> (iii) attend an alcohol highway safety school approved by the department; and
> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804(c) (emphasis omitted; text emphasis added).

Notwithstanding, this Court has held that there is no constitutional requirement for a police officer to provide any implied consent warnings to a driver arrested for DUI. *See Dep't of Transp., Bureau of Traffic Safety v. Sinwell*, 450 A.2d 235 (Pa. Cmwlth. 1982); *Commonwealth v. Williams*, 338 A.2d 742 (Pa. Cmwlth. 1975); *Commonwealth v. Abraham*, 300 A.2d 831 (Pa. Cmwlth. 1973). Accordingly, the only warnings that must be provided are those mandated by statute, and those required by the Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989).[7] *See Sheakley v. Dep't of Transp.*, 513 A.2d 551, 553 (Pa. Cmwlth. 1986), *appeal denied*, 527 A.2d 546 (Pa. 1987) ("We have also held that a motorist has no constitutional right to a prior warning of the consequences of a refusal to submit to a breathalyzer test and that the duty to warn is entirely statutory.").

With respect to the redacted portions of the Form DL-26 presented and read to Licensee, Section 1547 of the Vehicle Code provides in relevant part:

> **(a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance** if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:

---

[7] The *O'Connell* Court held:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.* at 878.

(1) in violation of [S]ection 1543(b)(1.1) [of the Vehicle Code] (relating to driving while operating privilege is suspended or revoked), [**Section**] **3802** [**of the Vehicle Code, 75 Pa.C.S. § 3802,**] (**relating to driving under influence of alcohol** or controlled substance) . . . .

. . . .

**(b) Suspension for refusal.--**

(1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [D]epartment shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

. . . .

(2) **It shall be the duty of the police officer to inform the person that**:

(i) **the person's operating privilege will be suspended upon refusal to submit to chemical testing**; and

(ii) *if the person refuses to submit to chemical breath testing, upon conviction or plea for violating* [*S*]*ection 3802(a)(1)* [*of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1)*]*, the person will be subject to the penalties provided in* [*S*]*ection 3804(c)* [*of the Vehicle Code, 75 Pa.C.S. § 3804(c)*] *(relating to* [*DUI*] *penalties)*.

75 Pa.C.S. § 1547 (bold and italic emphasis added). We recognize that Section 1547(b)(2)(ii) of the Vehicle Code, as written, specifically requires a police officer to inform a licensee that if she refuses a chemical test and is convicted of or pleads guilty to DUI, enhanced penalties based on her refusal to submit to chemical testing will be imposed. We further acknowledge that this portion of the warning was redacted from the Form DL-26 which was read and presented to Licensee. The Form DL-26 read and presented to Licensee included the following warnings:

6

1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

2. I am requesting that you submit to a chemical test of [blood] (blood or breath. Officer chooses the chemical test).

3. If you refuse to submit to the chemical test, your operating privilege will be suspended for **at least** 12 months. If you previously refused a chemical test or were previously convicted of [DUI], you [sic] will be suspended for up to 18 months.[8]

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to chemical testing, you will have refused the test.

Commonwealth Ex. C-2 (emphasis added).

However, on June 23, 2016, the United States Supreme Court rendered its decision in *Birchfield*, wherein, the Court held *inter alia* that a motorist may not be criminally punished for refusing to submit to a blood test based on her legally-implied consent to so submit. *Id.* The *Birchfield* Court explained that there was a difference between implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply, and a state insisting upon an intrusive blood test and then imposing criminal penalties on a refusal to submit to the blood test. *Id.* Thus, "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Birchfield*, ___U.S. at ___, 136 S.Ct. at 2186. Consequently, the enhanced criminal penalties for failure to submit to chemical testing are unconstitutional.

Importantly, the *Birchfield* Court clarified:

It is well established that a search is reasonable when the subject consents, and that sometimes consent to a search need not be express but may be fairly inferred from context[.] Our

---

[8] The remainder of this paragraph was redacted.

7

prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them.

*Birchfield*, ___U.S. at ___, 136 S.Ct. at 2185 (citations omitted).

In the instant case, in accordance with *Birchfield*, Officer Fazzio specifically omitted the inaccurate warnings from the Form DL-26 when he recited and presented it to Licensee. The redacted warnings referred to the enhanced DUI criminal penalties provided in Section 3804(c) of the Vehicle Code for a licensee refusing to submit to chemical testing. Licensee did not receive an enhanced DUI criminal penalty for her refusal to submit to chemical testing. Rather, Licensee's 2-month license suspension was part of her voluntary admission into the ARD program. Thus, there is no merit to Licensee's argument that her refusal was based on inaccurate warnings. Accordingly, the trial court properly dismissed Licensee's appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

8

Julie Negovan,                                       :
                         Appellant        :
                                     :
             v.                                       :
                                     :
Commonwealth of Pennsylvania,      :
Department of Transportation,             :      No. 200 C.D. 2017
Bureau of Driver Licensing                  :

## O R D E R

AND NOW, this 24th day of October, 2017, the Bucks County Common Pleas Court's January 19, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge