# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mario C. Bologna,                                :
                    Appellant           :
                                                 :
              v.                                 :   No. 1202 C.D. 2017
                                                 :   SUBMITTED:  January 26, 2018
Commonwealth of Pennsylvania,   :
Department of Transportation,          :
Bureau of Driver Licensing             :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                          FILED:  March 6, 2018


Mario C. Bologna (Licensee) appeals from the August 3, 2017 Order of the

Court of Common Pleas of Dauphin County (Trial Court) dismissing Licensee's

appeal from:  (1) a one-year suspension of his operating privilege imposed by the

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver

Licensing (DOT), under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S.  §

1547(b)(1)(i),[1] and (2) a one-year disqualification of his commercial driving

---

[1] Section 1547 of the Vehicle Code is commonly known as the Implied Consent Law.
Section 1547(b)(1)(i) of the Implied Consent Law states:

> If any person placed under arrest for a violation of section 3802 [of the Vehicle
> Code (relating to driving under the influence of alcohol or a controlled substance)]
> is requested to submit to chemical testing and refuses to do so, the testing shall not
> be conducted but upon notice by the police officer, [DOT] shall suspend the
> operating privilege of the person . . . for a period of 12 months.

privilege under Section 1613(d.1) of the Vehicle Code, 75 Pa. C.S. § 1613(d.1).[2] On appeal, Licensee argues that because the police officer who arrested Licensee did not warn him that he would be subject to enhanced criminal penalties if he refused a chemical test of his blood, as required by former Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(2)(ii),[3] DOT should not have suspended his operating privilege or disqualified him from driving a commercial motor vehicle. We affirm.

---

75 Pa. C.S. § 1547(b)(1)(i).

[2] Section 1613(d.1) of the Vehicle Code provides in relevant part:

Upon receipt of a report of test refusal, [DOT] shall disqualify the person who is the subject of the report for the same period as if [DOT] had received a report of the person's conviction for violating one of the offenses listed in section 1611(a) [of the Vehicle Code] (relating to disqualification).

75 Pa. C.S. § 1613(d.1). Section 1611(a)(1) of the Vehicle Code provides:

Upon receipt of a report of conviction, [DOT] shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of . . . . section 3802 [of the Vehicle Code] (relating to driving under influence of alcohol or controlled substance) . . . where the person was a commercial driver at the time the violation occurred.

75 Pa. C.S. § 1611(a)(1).

[3] At the time of Licensee's arrest, Section 1547(b)(2)(ii) of the Implied Consent Law required a police officer to inform a licensee that "if the [licensee] refuses to submit to *chemical testing*, upon conviction or plea for violating section 3802(a)(1) [of the Vehicle Code], [he or she] will be subject to the penalties provided in section 3804(c) (relating to penalties)." Former 75 Pa. C.S. § 1547(b)(2)(ii) (emphasis added).

Section 1547(b)(2)(ii) now requires an officer to inform a licensee that "if the [licensee] refuses to submit to *chemical breath testing*, upon conviction or plea for violating section 3802(a)(1), [he or she] will be subject to the penalties provided in section 3804(c) (relating to penalties)." 75 Pa. C.S. § 1547(b)(2)(ii) (eff. July 20, 2017) (emphasis added).

On September 26, 2016, DOT mailed two notices to Licensee. The first notice informed Licensee that his operating privilege was suspended for one year due to his failure to submit to a chemical test of his blood on September 2, 2016. The second notice informed him that he was disqualified from the privilege of driving a commercial motor vehicle for one year. Licensee appealed to the Trial Court, challenging both the suspension and the disqualification.

The Trial Court held a hearing on June 22, 2017. At the hearing, the parties stipulated to the following facts. On September 2, 2016, Lower Swatara Township Police Officer Ryan Gartland had reasonable grounds to suspect that Licensee had operated or had actual physical control of a vehicle in violation of Section 3802 of the Vehicle Code.[4] Notes of Testimony (N.T.), 6/22/17, at 3. Officer Gartland asked Licensee to provide a sample of his blood, but he refused. *Id.* Officer Gartland then read to Licensee the warnings contained in DOT's Implied Consent Form DL-26B (Form DL-26B) verbatim. *Id.* Officer Gartland did not advise Licensee that if he refused to submit to chemical testing, upon conviction or plea for violating Section 3802(a) of the Vehicle Code, he would be subject to enhanced penalties as required by Section 1547(b)(2)(ii) of the Implied Consent Law. *Id.* at 4. The Trial Court accepted the parties' stipulations, and the parties presented no further testimony. *Id.* at 5.

Form DL-26B, which Officer Gartland read to Licensee at the time of his arrest, stated:

> 1. You are under arrest for driving under the influence of alcohol or a controlled substance in violation of Section 3802 of the Vehicle Code.

---

[4] 75 Pa. C.S. § 3802 (providing that "an individual may not drive, operate or be in actual physical control of the movement of a vehicle" while under influence of alcohol or controlled substance).

2. I am requesting that you submit to a chemical test of blood.

3. If you refuse to submit to the blood test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.

4. You have no right to speak with an attorney or anyone else before deciding whether to submit to testing. If you request to speak with an attorney or anyone else after being provided these warnings or you remain silent when asked to submit to a blood test, you will have refused the test.

N.T., 6/22/17, Ex. C-1, Item No. 2. DOT created Form DL-26B in response to the United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), which held that state laws imposing criminal penalties on motorists for refusing to submit to a blood test are unconstitutional.[5] Form DL-26B eliminated the prior form's warning pertaining to enhanced criminal penalties for refusal to submit to a blood test. *See* Trial Ct. Op., 8/3/17, at 3.

On August 3, 2017, the Trial Court dismissed Licensee's appeal and reinstated both the suspension of his operating privilege and the disqualification of his commercial driving privilege. Licensee timely appealed to this Court.[6]

---

[5] In *Birchfield*, the Supreme Court concluded that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." 136 S. Ct. at 2186. The Supreme Court clarified, however, that its "prior opinions have referred approvingly to the general concept of implied-consent laws that impose *civil penalties* and evidentiary consequences on motorists who refuse to comply." *Id.* at 2185 (emphasis added); *accord Boseman v. Dep't of Transp., Bureau of Driver Licensing*, 157 A.3d 10, 21-22 (Pa. Cmwlth.), *app. denied*, 170 A.3d 996 (Pa. 2017) (holding that *Birchfield* does not apply to civil license suspensions).

[6] Our scope of review is limited to determining whether the Trial Court committed an error of law or abused its discretion and whether the Trial Court's factual findings are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

On appeal, Licensee asserts that Officer Gartland's failure to warn him of the possibility of enhanced criminal penalties for refusing a blood test violated former Section 1547(b)(2)(ii) of the Implied Consent Law and, therefore, DOT failed to satisfy its burden of proof. Licensee contends that until the General Assembly amended Section 1547(b)(2)(ii) in July 2017, Officer Gartland was required to give Licensee the enhanced-penalty warning, even after *Birchfield*.

To suspend a licensee's operating privilege for refusing to submit to chemical testing, DOT must prove that:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of his operating privileges and would result in enhanced penalties if he was later convicted of violating Section 3802(a)(1).

*Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). Once DOT satisfies its burden of proof, the burden then shifts to the licensee to prove that he or she was incapable of making a knowing and conscious refusal. *Hinkel v. Dep't of Transp., Bureau of Driver Licensing,* 715 A.2d 556, 558 (Pa. Cmwlth. 1998).

Here, the parties stipulated that: Officer Gartland had reasonable grounds to arrest Licensee for driving under the influence; Officer Gartland asked Licensee to submit to a blood test; Licensee refused; and Officer Gartland read to Licensee the implied consent warnings in Form DL-26B but did not warn him about the possibility of enhanced criminal penalties. N.T., 6/22/17, at 3-4. Moreover, Licensee does not allege that he was incapable of making a knowing and conscious

refusal. Thus, the only issue before this Court is whether DOT's omission of the enhanced-penalty warning from Form DL-26B violated former Section 1547(b)(2)(ii) of the Implied Consent Law.

Our Court recently addressed this same issue in *Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018) (*en banc*). In *Garlick*, as in this case, the licensee argued that Form DL-26B failed to conform with the requirements of Section 1547(b)(2)(ii) because it did not include a warning that his refusal to submit to a blood test would subject him to enhanced criminal penalties. 176 A.3d at 1035. We noted that "the language contained in [former] Section 1547(b)(2)(ii) was mandatory at the time [the officer] requested that Licensee submit to a blood test." *Id.* at 1036. After *Birchfield*, however, enhanced criminal penalties for refusing a blood test are no longer constitutionally permissible. Consequently, at the time of his arrest, "Licensee could not, as a matter of constitutional law, be subject to such penalties. Stated simply, enhanced criminal penalties were not a consequence of Licensee's refusing the requested blood test." *Id.*

In rejecting the licensee's claim that the implied consent warnings in Form DL-26B were legally insufficient, we explained:

> Licensee's argument is, in effect, that because the General Assembly did not immediately amend Section 1547(b)(2)(ii), DOT and the police had to continue to apply Section 1547(b)(2)(ii). However, the effect of *Birchfield* and the Superior Court cases that followed was to render the criminal penalties warned of in Section 1547(b)(2)(ii) as applied to blood testing unenforceable and to effectively sever that section from the rest of the Vehicle Code. *See* Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1925 ("[t]he provisions of every statute shall be severable" with certain exceptions not applicable here); *Commonwealth v. Batts*, 163 A.3d 410, 441 (Pa. 2017) (emphasis added) (stating that "[i]f a provision of a statute is invalidated **for any**

6

**reason** . . . a court must sever it from the remaining, valid portion of the statute").

*Id.* Therefore, we held that the officer's failure to warn the licensee that his refusal to submit to a blood test would subject him to enhanced criminal penalties, as required by Section 1547(b)(2)(ii) at the time of the arrest, did not mandate reversal of his suspension. *Id.* at 1037-38; *see also Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 738 (Pa. Cmwlth. 2017) (upholding license suspension where police officer intentionally omitted enhanced-penalty warning when he read implied consent warnings to licensee who was arrested six days after *Birchfield* decision).

For the reasons set forth in *Garlick*, we conclude that DOT satisfied its burden of proving that Licensee was accurately warned of the only constitutionally permissible consequence of refusing a blood test at the time of his arrest: the suspension of his operating privilege. Accordingly, the Trial Court properly dismissed Licensee's appeal and reinstated the suspension of his operating privilege and the disqualification of his commercial driving privilege.[7]

Order affirmed.

_____
ELLEN CEISLER, Judge

---

[7] In his brief, Licensee also argues that Section 1547(b)(2)(ii) of the Implied Consent Law is not severable from the remainder of the statute and, thus, DOT's omission of the enhanced-penalty warning from Form DL-26B contravened the statute's legislative purpose. Because Licensee did not raise the severability issue before the Trial Court, it is waived. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). In any event, as discussed above, this Court rejected a similar claim in *Garlick*. *See* 176 A.3d at 1036.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mario C. Bologna, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1202 C.D. 2017 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

## **O R D E R**

AND NOW, this 6th day of March, 2018, the Order of the Dauphin County Court of Common Pleas, dated August 3, 2017, is hereby affirmed.

_____

ELLEN CEISLER, Judge