Bradley Graffius,               :
                Appellant    :
                                    :
                  v.             :
                                    :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 880 C.D. 2017
Bureau of Driver Licensing       :   Submitted: January 12, 2018

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: March 20, 2018

Bradley Graffius (Licensee) appeals from the York County Common Pleas Court's May 31, 2017 order dismissing his appeal and reinstating the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (Department) operating privilege suspension. Licensee presents two issues for this Court's review: (1) whether the arresting officer's failure to read the enhanced penalties in the implied consent warning (Form DL-26)[1] bars the Department from suspending Licensee's operating privilege for refusing to submit to chemical testing; and, (2) whether the enhanced penalties provision is severable from Section 1547 of the Vehicle Code.[2] After review, we affirm.

---

[1] "The [Form] DL-26 [] contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

[2] 75 Pa.C.S. § 1547.

On November 14, 2016, Licensee was arrested for driving under the influence of alcohol (DUI).[3]  The arresting state police officer read Licensee the implied consent warnings in the Form DL-26.  Those portions of the implied consent warnings which related to the enhanced criminal penalties for not submitting to a blood test were redacted from the Form DL-26 as a result of the United States Supreme Court's ruling in *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016).[4]  Licensee refused to submit to the blood test.  On November 30, 2016, the Department notified Licensee that, due to his refusal, his driver's license would be suspended for 12 months, effective January 4, 2017, pursuant to Section 1547 of the Vehicle Code.

Licensee appealed from his license suspension to the trial court.  On May 31, 2017, a hearing was held during which the Department and Licensee stipulated to the facts, and the trial court denied Licensee's appeal and upheld his license suspension.  Licensee appealed to this Court.[5]  On July 10, 2017, the trial court ordered Licensee to file a Statement of Matters[6] Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement).  By July 10, 2017 order, Licensee's Application for Supersedeas Pending Appeal was granted, and his driver's license was reinstated pending this appeal.  Licensee filed his Rule 1925(b) Statement with the trial court on July 31, 2017.

---

[3] *See* Section 3802(a)(1) of the Vehicle Code, which provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S. § 3802(a)(1).

[4] This case and the Court's ruling will be discussed more fully below.

[5] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion."  *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

[6] Former Rule 1925(b) read a statement of "matters" complained of on appeal.  Whereas, the current Rule 1925(b) refers to a statement of "errors" complained of on appeal.

Licensee argues that the trial court erred in dismissing his appeal because Section 1547(b)(2)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(2)(ii), specifically requires notification of the DUI enhanced criminal penalties before a civil license suspension can be imposed for a chemical test refusal. We disagree.

As this Court explained in *Negovan v. Department of Transportation, Bureau of Driver Licensing*, 172 A.3d 733 (Pa. Cmwlth. 2017):

> [T]his Court has held that there is no constitutional requirement for a police officer to provide any implied consent warnings to a driver arrested for DUI. Accordingly, the only warnings that must be provided are those mandated by statute, and those required by the Supreme Court in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, . . . 555 A.2d 873 ([Pa.] 1989).[7]

*Negovan,* 172 A.3d at 736 (citations omitted). This Court acknowledges that on the date of Licensee's arrest, Section 1547(b) of the Vehicle Code provided, in relevant part:

> (1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code] is requested to submit to chemical testing and refuses to do so, **the testing shall not be conducted but upon notice by the police officer, the [D]epartment shall suspend the operating privilege of the person as follows**:

---

[7] The *O'Connell* Court held:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.* at 878.

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

. . . .

(2) **It shall be the duty of the police officer to inform the person that**:

(i) the person's operating privilege will be suspended upon refusal to submit to chemical testing and the person will be subject to a restoration fee of up to $2,000; and

(ii) **if the person refuses to submit to chemical testing,**[8] **upon conviction or plea for violating [S]ection 3802(a)(1) [of the Vehicle Code], the person will be subject to the penalties provided in [S]ection 3804(c) [of the Vehicle Code] (relating to penalties)**.

(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

75 Pa.C.S. § 1547(b) (emphasis added). Further, this Court recognizes that the Form DL-26 read to Licensee did not contain the warning specified in Section 1547(b)(2)(ii) of the Vehicle Code. However, as expounded in *Negovan*:

> [O]n June 23, 2016, the United States Supreme Court rendered its decision in *Birchfield*, wherein, the Court held *inter alia* that a motorist may not be criminally punished for refusing to submit to a blood test based on [his] legally-implied consent to so submit. *Id.* The *Birchfield* Court explained that there was a difference between implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply, and a state insisting upon an intrusive blood test and then imposing criminal penalties on a refusal to submit to the blood test. *Id.* Thus, 'motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense.' *Birchfield,* ___ U.S. at ___, 136 S.Ct. at

---

[8] The statute was amended, effective January 20, 2018, to read: "if the person refuses to submit to chemical **breath** testing . . . ." 75 Pa.C.S. § 1547(b)(2)(ii) (emphasis added).

4

2186. Consequently, **the enhanced criminal penalties for failure to submit to chemical testing are unconstitutional**.

*Negovan,* 172 A.3d at 737 (emphasis added). Here, the arresting officer "specifically and accurately warned Licensee about the consequences of refusing a blood test that remain following *Birchfield*, that is, the suspension of his license. Therefore, [the trial court] did not err when it denied Licensee's appeal." *Garlick v. Dep't of Transp., Bureau of Driver Licensing,* ___ A.3d ___, ___ (Pa. Cmwlth. No. 48 C.D. 2017, filed January 3, 2018) slip op. at 13-14 (footnote omitted).

Licensee next contends that since the enhanced penalties provision is not severable from Section 1547 of the Vehicle Code, the redaction invalidated the entire statute. We disagree.

Section 1925 of the Statutory Construction Act of 1972 (Statutory Construction Act) provides:

> The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

1 Pa.C.S. § 1925. Here, a review of Section 1547 of the Vehicle Code makes it clear that "the valid provisions of the statute are [not] so essentially and inseparably connected with, and [do not] depend upon, the [redacted] provision . . . that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the [redacted] one[,]" or "that the remaining valid provisions,

5

standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent." *Id.*; *see also Givens v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 1203 C.D. 2017, filed March 6, 2018) (rejecting the argument that Section 1547(b)(2)(ii) of the Vehicle Code is not severable from the remainder of the statute and upholding the suspension of licensee's operating privilege); *Spellman v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 124 C.D. 2017, filed November 15, 2017) (Section 1547(b)(2)(ii) of the Vehicle Code, as applied to blood testing, was effectively severed from the rest of the Vehicle Code).[9]  This ruling is especially evident here, where, as stated by the trial court, arresting police officers have read the redacted version of the Form DL-26 warnings to licensees between the time *Birchfield* was decided and Section 1547 of the Vehicle Code was amended, without any apparent confusion or misapplication of the law. *See* Reproduced Record at 76.  Accordingly, "the remainder of the statute, and the application of such provision to [Licensee], was not [] affected" by the redaction of the implied consent enhanced penalties provision.  1 Pa.C.S. § 1925.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Bradley Graffius,                                            :
                              Appellant        :
                                                          :
                    v.                             :
                                                          :
Commonwealth of Pennsylvania,     :
Department of Transportation,              :        No. 880 C.D. 2017
Bureau of Driver Licensing                :


<u>O R D E R</u>

AND NOW, this 20th day of March, 2018, the York County Common Pleas Court's May 31, 2017 order is affirmed.


_____
ANNE E. COVEY, Judge