Kyle Lewis Schreiber, :
                Appellant :
                 :
         v. :
                 :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 787 C.D. 2021
Bureau of Driver Licensing : Submitted: September 16, 2022

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: February 6, 2023

        Kyle Lewis Schreiber (Licensee) appeals from the June 10, 2021 order of the Court of Common Pleas of Lehigh County (trial court) that dismissed Licensee's statutory appeal from a 12-month driver's license suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), in accordance with the requirements of 75 Pa.C.S. § 3804(e)(2)(i), which requires a 12-month suspension of a driver's operating privilege upon the receipt of a certified conviction of an ungraded misdemeanor or a misdemeanor of the second degree for driving under the influence of alcohol or a controlled substance (DUI).[1] Upon review, we affirm.

---

[1] 75 Pa.C.S. § 3802.

The facts underlying this matter are straightforward and not in dispute. Licensee was placed into an Accelerated Rehabilitative Disposition (ARD) program in May 2013 following an arrest for DUI[2] in October 2012. Thereafter, in August of 2020, Licensee entered a guilty plea and was convicted of an ungraded misdemeanor DUI violation[3] that had occurred in December of 2019.[4] As a result, on August 14, 2020, DOT sent notification that it would impose a 12-month suspension of Licensee's operating privilege in accordance with 75 Pa.C.S. § 3804(e)(2)(i), effective September 18, 2020. Licensee filed a timely statutory appeal of the license suspension in the trial court on September 14, 2020. The trial court conducted a *de novo* hearing on March 15, 2021, and, on June 9, 2021, entered an order denying Licensee's statutory appeal. Licensee timely appealed to this Court.

Licensee raises one claim on appeal before this Court:[5] whether the trial court erred in determining that Licensee was subject to a 12-month license suspension pursuant to 75 Pa.C.S. § 3804(e)(2)(i) where his prior DUI offense was disposed of by an ARD. *See* Licensee's Br. at 4 & 7-19. Licensee argues that an ARD should not be counted as a "prior offense" for the purpose of 75 Pa.C.S. § 3804(e)(2)(iii) based on *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super.

---

[2] *See* 75 Pa. C.S. § 3802(d)(1)(iii).

[3] *See* 75 Pa. C.S. § 3802(a)(2).

[4] As part of the disposition of this case, Licensee's operating privilege was suspended for a period of 90 days pursuant to 75 Pa.C.S. § 3807(d), effective from May 2, 2013, through October 3, 2013.

[5] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or an abuse of discretion." *Negovan v. Dep't of Transp., Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

2

2020),[6] in which the Superior Court held 75 Pa.C.S. § 3806 (concerning prior offenses) unconstitutional to the extent it defines prior acceptance of ARD for a previous DUI as a "prior offense" for the purpose of imposing enhanced criminal penalties for subsequent DUI convictions. *See id.*

DOT, on the other hand, argues that *Chichkin* has no impact on the imposition of operating privilege suspensions because license suspensions are civil, not criminal, sanctions, and prior ARDs are therefore not employed in license suspension actions to enhance criminal punishments. *See* DOT's Br. at 5-6 & 7-34. DOT effectively argues that Licensee conflates the requirements for criminal punishment for DUIs in a criminal court with the requirements for imposing a civil driver's license suspension. *See id.*

The Vehicle Code prescribes a one-year suspension of driving privileges for individuals convicted of DUI who have committed a "prior offense" as follows:

> **(e) Suspension of operating privileges upon conviction.—**
>
> (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> > (i) an offense under section 3802; or
> >
> > (ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in

---

[6] The Superior Court recently overruled *Chichkin* in *Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), as discussed *infra*.

section 1581 (relating to Driver's License Compact).

(2) Suspension under paragraph (1) shall be in accordance with the following:

(i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

. . . .

(iii) *There shall be no suspension for an ungraded misdemeanor under section 3802(a) where* the person is subject to the penalties provided in subsection (a) and *the person has no prior offense*.

75 Pa.C.S. § 3804(e) (emphasis added). The Vehicle Code defines "prior offense" as:

**(a) General rule.**—[T]he term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, *acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

4

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(a) (emphasis added).

Licensee's reliance on *Chichkin* is misplaced. In *Chichkin*, the Superior Court applied the rule established by the Supreme Court of the United States in *Alleyne v. United States*, 570 U.S. 99 (2013) – that any fact that increases a mandatory minimum criminal penalty (other than the fact of a previous conviction) must be proven to a jury beyond a reasonable doubt – to prior acceptance of previous DUI ARDs to criminal sentencing for subsequent DUI convictions. *See Chichkin*, 232 A.3d at 966-69. The Superior Court determined that the acceptance of ARD, which involves no admission or proof of guilt beyond a reasonable doubt, did not constitute a conviction for *Alleyne* purposes. *See id.* at 968-69. Therefore, the Superior Court determined that the mandatory imposition of criminal penalties based solely on the previous acceptance of ARD in a prior DUI matter was unconstitutional. *See id.* Accordingly, the Superior Court held 75 Pa.C.S. § 3806 unconstitutional to the extent it defines a prior acceptance of ARD as a "prior offense" for the purpose of imposing enhanced criminal penalties for subsequent DUI convictions. *See id.* However, during the pendency of this appeal, the Superior Court expressly overruled *Chichkin*, holding instead "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (*en banc*). Thus, the use of a prior ARD at a sentencing hearing to enhance the mandatory minimum of a second or subsequent DUI conviction is permitted. *See id.*

5

Additionally, this Court, sitting *en banc*, previously addressed the very issue raised by Licensee herein in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022). *Ferguson* involved a licensee who claimed his substantive and procedural due process rights were violated when DOT suspended his driving privileges as a subsequent or repeat DUI offender after he successfully completed an ARD program following his first DUI arrest. This Court reviewed the facts and holding of *Chichkin* and determined that the use of a previous DUI-based ARD as a "prior offense" for the purpose of a Section 3804(e)(2)(iii) of the Vehicle Code civil driver's license suspension did not violate a licensee's due process rights. *See Ferguson*, 267 A.3d at 632. We explained:

> Because the *Chichkin* Court ruled that the portion of Section 3806(a) of the Vehicle Code that defines a prior acceptance of ARD in a DUI case as a "prior offense" is unconstitutional for purposes of subjecting a defendant to a mandatory minimum criminal sentence under Section 3804 of the Vehicle Code, *Chichkin* specifically applies to Section 3804(a)-(d) of the Vehicle Code, *i.e.*, the criminal sentencing provisions. Section 3804(e) of the Vehicle Code expressly refers to "suspension of operating privileges upon conviction," *i.e.*, the collateral civil consequence thereof. Accordingly, because license suspensions are civil proceedings, the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes.

*Id.* (internal citations and brackets omitted).

Here, because the factual scenario presented in the instant matter is functionally identical to that presented in *Ferguson*, the same rationale applies to the instant case. For this reason, and in light of the Superior Court's express overruling of *Chichkin*, we find no error in the trial court's determination that *Chichkin* was

6

inapplicable to Licensee's driver's license suspension because a license suspension is a civil, not a criminal, penalty. *See* Trial Court Opinion filed September 24, 2021, at 1-2.[7] Accordingly, we find no error in the trial court's dismissal of Licensee's statutory appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

_____

[7] We acknowledge that the Supreme Court has granted a Petition for Allowance of Appeal in *Ferguson* to hear and decide the ARD-as-prior-offense issue. *See Ferguson v. Dep't of Transp., Bureau of Driver Licensing*, 280 A.3d 859 (Pa. 2022). While the Supreme Court may on appeal overturn this Court's determination regarding the use of ARDs as "prior offenses" in license suspension cases, until it does, this Court's determination in *Ferguson* remains the law of the Commonwealth. *See Germantown Cab Co. v. Phila. Parking Auth.*, 27 A.3d 280, 283 (Pa. Cmwlth. 2011) ("It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kyle Lewis Schreiber,      :
        Appellant     :
                      :
       v.             :
                      :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :   No. 787 C.D. 2021
Bureau of Driver Licensing     :

## O R D E R

AND NOW, this 6th day of February, 2023, the June 10, 2021 order of the Court of Common Pleas of Lehigh County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge