# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Philip Andrew Lee, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 8 C.D. 2023 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | Submitted: June 4, 2024 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                                    FILED:  July 25, 2024

Philip Andrew Lee (Licensee) appeals from an order of the Court of Common Pleas of Bucks County (trial court) entered on December 7, 2022, denying Licensee's appeal from the 18-month suspension of his driver's license pursuant to Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(ii),[1] because he

---

[1] Section 1547(b)(1)(ii) of the Vehicle Code, also referred to as the Implied Consent Law, states:

> (1) If any person placed under arrest for a violation of [S]ection 3802 [of the Vehicle Code, 75 Pa.C.S. § 3802 (relating to driving under the influence of alcohol or a controlled substance (DUI)),] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the [Department of Transportation (DOT)] shall suspend the operating privilege of the person as follows:

**(Footnote continued on next page…)**

failed to submit to a chemical test of his blood. For the reasons that follow, we affirm.

## BACKGROUND

The following background is set forth in the trial court's Pa.R.A.P. 1925(a) opinion. Reproduced Record (R.R.) 3-43.[2] On June 1, 2022, Licensee was pulled over in Warrington Township and arrested for driving under the influence (DUI). After his arrest, he was read the DL-26B form, signed the form, and refused to submit to a chemical test of his blood. Licensee's driver's license was suspended

---

. . . .

(ii) For a period of 18 months if any of the following apply:

    (A) The person's operating privileges have previously been suspended under this subsection.

    (B) The person has, prior to the refusal under this paragraph, been sentenced for:

        (I)     an offense under [S]ection 3802;

        (II)    an offense under former [S]ection 3731;

        (III)   an offense equivalent to an offense under subclause (I) or (II); or

        (IV) a combination of the offenses set forth in this clause.

75 Pa.C.S. § 1547(b)(1)(ii).

[2] The Reproduced Record is not properly numbered as directed in Pa.R.A.P. 2173 (reproduced record shall be numbered separately in Arabic figures followed by a small "a"). We will nevertheless refer to the page numbers as they have been set forth by Licensee.

effective July 18, 2022, for a period of 18 months pursuant to Section 1547 of the Vehicle Code.

Licensee appealed his license suspension, and a hearing was scheduled for October 17, 2022. The parties appeared, and counsel for the Department of Transportation (DOT) requested a continuance, explaining that upon speaking with police officer James Umile (Officer Umile) who had been on the scene when Licensee was pulled over, another officer, Corporal Aaron Menzies (Corporal Menzies) would also need to testify but was not subpoenaed. Counsel for Licensee opposed the continuance. The trial court judge had DOT's counsel *voir dire* Officer Umile to ascertain whether the testimony of Corporal Menzies was necessary, and thereafter the hearing proceeded.

DOT moved to enter its certified packet of documents as Exhibit C-1. Counsel for Licensee objected, representing that Corporal Menzies had testified at the preliminary hearing on the DUI charge that he prepared a "second report" and that counsel was not provided access to that second report. Counsel for DOT confirmed that any reports prepared by an officer are not included in the certified packet and are not part of DOT's record keeping. Nevertheless, Licensee's counsel continued to object, arguing that he should have received the second report in discovery. The trial court offered Licensee's counsel a continuance to obtain the report he claimed existed, but Licensee's counsel responded that he would not be asking for a continuance.

DOT called Officer Umile, who testified that on June 1, 2022, he and Corporal Menzies were driving towards an intersection when a vehicle made a left-hand turn through a red light in front of their patrol car. Corporal Menzies had to hit the brakes and sound the horn in order to avoid a collision. The officers made

3

a U-turn and followed the vehicle, which they observed swerving over the double yellow line. They attempted a traffic stop, but the vehicle would pull over, stop briefly, and then begin to drive again. The officers ultimately effectuated a traffic stop, and asked Licensee for his driver's license and registration. Licensee presented a credit card and had to be reminded several times to produce his license. Licensee appeared to be in a flustered state with glassy eyes. Officer Umile performed the horizontal gaze nystagmus sobriety test (HGN) and did not detect any eye movements. Corporal Menzies thereafter administered the more advanced field sobriety tests and determined Licensee incapable of safe driving. Licensee was arrested for DUI, and a search of his person revealed a black vaporizer pen with a brown oil in Licensee's left pocket. Licensee was placed in a patrol car and read the DL-26B form multiple times. Licensee refused the chemical blood test each time. Upon arrival at police headquarters, Licensee was again given the opportunity to read the DL-26B form himself. Officer Umile also read it again. Licensee refused to consent to a blood test.

The trial court recessed after Officer Umile's testimony and rescheduled day two of the hearing for November 30, 2022, at which Corporal Menzies testified. Corporal Menzies's testimony largely mirrored that of Officer Umile, but added that upon talking to Licensee, Licensee explained he ran a red light because of a road-rage issue with another vehicle. Corporal Menzies observed Licensee's eyes to be bloodshot and smelled the odor of marijuana. Upon questioning, Licensee admitted to smoking marijuana three hours earlier. Licensee exited the vehicle to perform field sobriety tests. Licensee mentioned that he had physical injuries, and therefore Corporal Menzies chose not to have Licensee perform the physical field sobriety tests that would require balance. Instead, he had

4

Licensee perform the lack-of-convergence test which is designed to test the ability of the eyes to cross. Licensee failed. Corporal Menzies then administered a modified Romberg balance test where Licensee was asked to stand with his feet together, with his hands at his sides and estimate the passage of 30 seconds. During this test, Licensee had eyelid and body tremors, which are involuntary actions. Last, Licensee performed the finger-to-nose test multiple times, during which Licensee was very inconsistent in touching his nose. All three tests indicated some substance use. Licensee was thereafter arrested, read the DL-26B form, and refused chemical testing five to six times.

When asked about whether he had completed any supplemental form or second report to the affidavit of probable cause, Corporal Menzies responded that there was no supplement for the affidavit, there was just his police report. Counsel for DOT asked to be heard on this issue and indicated that she believed there was confusion over the affidavit of probable cause and the police report. DOT subpoenaed only the affidavit of probable cause, not a police report. Neither the affidavit of probable cause nor any police report were offered as exhibits in evidence by either party.

Following the conclusion of the hearing, the trial court issued a decision and order denying and dismissing Licensee's appeal and reinstating his 18-month license suspension. Licensee appealed the trial court's order to this Court.

## ISSUES

On appeal to this Court,[3] Licensee raises the following issues, which we restate for consistency with the terms used in this Opinion:

---

[3] Our review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of **(Footnote continued on next page…)**

I.     Did the trial court abuse its discretion or commit an error of law in denying/dismissing Licensee's appeal despite his constitutional rights being violated as there was no reasonable suspicion of a crime afoot after Licensee and his wife explained that they had just escaped an assault at a stop light by a man in a rage?

II.    Did the trial court abuse its discretion or commit an error of law in denying/dismissing Licensee's appeal despite the fact that Licensee's constitutional rights were violated when police made an unreasonable request to Licensee to submit to chemical testing?

III.    Did the trial court abuse its discretion or commit an error of law in denying/dismissing Licensee's appeal where Licensee's enumerated constitutional rights to confrontation were violated when Corporal Menzies committed perjury and failed to produce the supplemental report?

*See* Licensee's Br. at 2 (Statement of the Questions Presented).

## DISCUSSION

After reviewing the record, the parties' briefs, and the relevant law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned Opinion of the Honorable Denise M. Bowman.[4]  Therefore, we affirm the trial court's order entered on December 7, 2022 on the basis of Judge Bowman's Pa.R.A.P. 1925(a) Opinion in the matter of *Commonwealth of Pennsylvania*

---

law or an abuse of discretion.  *Negovan v. Commonwealth*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017).

[4] The Honorable Clyde W. Waite of the trial court conducted the hearing and authored the trial court's decision and order, including findings of fact and conclusions of law.  Upon Judge Waite's retirement from the bench, Judge Bowman authored the trial court's Rule 1925(a) Opinion, setting forth Judge Waite's findings of fact and conclusions of law verbatim.  R.R. at 3 n.1, 8-11.

6

*Department of Transportation v. Phillip Andrew Lee*, (C.P. Bucks County, No. 2022-3217, filed March 6, 2023).

_____

MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip Andrew Lee,            :
             Appellant    :
                        :
        v.             :   No. 8 C.D. 2023
                        :
                        :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing      :

## **O R D E R**

AND NOW, this 25th day of July 2024, the order of the Court of Common Pleas of Bucks County, entered on December 7, 2022, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge